J-A11041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF A.M.C., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: D.C., MOTHER | : : : : : : : | |
| | : | No. 1614 MDA 2023 |

Appeal from the Order Entered October 24, 2023
In the Court of Common Pleas of Berks County Orphans' Court at No(s):
85296

BEFORE:  BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:          **FILED: MAY 21, 2024**

D.C. (Birth Mother) appeals from the orphans' court's order denying her Petition to Enforce Post Adoption Contact Agreement as to her biological daughter, A.M.C. (Child) (born in March 2012).  We affirm.

Child has been in the care of N.J.A. (Adoptive Mother) since her birth.[1] On February 7, 2017, Berks County Children and Youth Services (CYS) filed a petition to involuntarily terminate Birth Mother's[2] parental rights to Child. Birth Mother subsequently executed an affidavit of consent to adoption of

---

[1] During her pregnancy, Birth Mother was in foster placement under Adoptive Mother's care.  **See** Adoption Hearing, 10/4/17, at 3, 6.

[2] CYS's petition also sought involuntary termination of putative father's parental rights.  Father was later identified, and his parental rights were involuntarily terminated on June 12, 2017.  Father is not a party to this appeal.

Child, and CYS filed a petition to confirm consent. The orphans' court appointed Child a guardian *ad litem* and scheduled a hearing.

On March 21, 2017, Birth Mother and Adoptive Mother executed and notarized a voluntary post-adoption contact agreement (PACA or the Agreement). In part, the Agreement allowed Birth Mother to communicate with Child through monthly phone calls and to visit Child, in person, twice a year. *See* PACA, 3/21/17, at 2-3.

Following a hearing on June 12, 2017, the orphans' court entered a decree finding that Birth Mother had voluntarily relinquished her parental rights to Child. The court awarded custody to CYS and authorized CYS to give consent for Child's adoption. CYS withdrew its involuntary termination petition against Birth Mother.

On July 3, 2017, Adoptive Mother filed a report of intention to adopt Child. She also filed a petition for adoption on September 6, 2017.

After a hearing, on October 4, 2017, the orphans' court entered a final decree approving Adoptive Mother's adoption of Child. On October 17, 2017, thirteen days after the entry of the adoption decree, the orphans' court approved the Agreement.

Nearly six years later, on July 7, 2023, Birth Mother filed a petition to enforce the Agreement. Birth Mother argued that Adoptive Mother has not permitted contact between Birth Mother and Child as set forth in the

Agreement. After a hearing, the orphans' court denied Birth Mother's petition to enforce on October 24, 2023.

Birth Mother subsequently filed a motion for reconsideration. Birth Mother argued "she was deprived of her right to due process in this case, as she had no control over when the PACA was filed." Motion to Reconsider, 11/3/23, ¶ 10. Additionally, Birth Mother averred that she voluntarily relinquished her parental rights based on her belief that she would have continued contact with Child.[3] *Id.*, ¶ 12. The orphans' court denied the motion for reconsideration. Birth Mother filed a timely notice of appeal.[4, 5]

Birth Mother raises the following issue for review: "Whether the [orphans' c]ourt erred when it denied [Birth Mother's petition] to enforce the … Agreement in this case?" Birth Mother's Brief at 4.

---

[3] Significantly, Birth Mother does not assert her relinquishment of parental rights was conditioned on the existence of the Agreement, such that she did not provide intelligent, voluntary, and deliberate consent. *Cf. In re C.M.C.*, 140 A.3d 699, 711 (Pa. Super. 2016) (concluding mother's consent to voluntary termination of her parental rights was invalid, where mother's relinquishment was conditioned on a PACA).

[4] Birth Mother did not file a contemporaneous concise statement as required by Pa.R.A.P. 1925(a)(2)(i) (requiring an appellant in a children's fast track appeal to file a concise statement with the notice of appeal). However, Birth Mother filed her Rule 1925(b) concise statement after the orphans' court issued an order directing her to do so. Because Birth Mother's delay in filing her concise statement causes no prejudice to the other parties, we decline to dismiss the appeal. *See In re K.T.E.L.*, 983 A.2d 745, 748 (Pa. Super. 2009).

[5] Birth Mother filed a second motion for reconsideration after she filed her notice of appeal. The orphans' court denied the motion.

Birth Mother acknowledges that post-adoption contact agreements must be approved on or before the entry of an adoption decree. *Id.* at 18 (citing 23 Pa.C.S.A. § 2738(c)(2)). However, Birth Mother points out that under Pennsylvania Rule of Orphans' Court Procedure 15.21,[6] she lost her right to access Child's orphans' court file after she relinquished her parental rights. Birth Mother's Brief at 19-20. Birth Mother therefore contends she was unable to file the Agreement for approval. *Id.* at 21; *see also id.* at 22 (arguing the

---

[6] Rule 15.21 provides:

**Rule 15.21. Privacy; Withholding the Court File from Inspection**

(a) All court records and other documents in the court file, including, but not limited to, completed statements of medical, personal, or social history information, signed authorization or consent forms, signed forms withholding or revoking authorization, requests or identifying or non-identifying information, and attorney records shall be withheld from inspection except as provided by 23 Pa.C.S. §§ 2931 *et seq*. and Rule 15.22.

(b) Except as provided in (d), the docket, court records, and all other documents in the court file shall be closed.

(c) Certificates of adoption shall be issued as provided in 23 Pa.C.S. § 2907, reciting that the court has granted the adoption, but not disclosing the names of the birth parents or the name of the adopted individual before adoption.

(d) No decision under the Adoption Act of any hearing judge or an appellate court publicly reported or in any other way made available to the public by the court shall disclose the identity of the individual parties.

Pa.R.O.C.P. 15.21.

prohibition against accessing the orphans' court file in these circumstances constituted a violation of Birth Mother's due process rights).

Birth Mother also argues

[t]he transcript clearly demonstrates that the attorneys assigned to the case presented the existence of the PACA to the [c]ourt at the time of the hearing. It demonstrates Adoptive Mother's acceptance of the PACA, and its terms. Further, the attorneys explain[ed] why the PACA was not made available to the [c]ourt on that day, due to a new guardian *ad litem* being appointed to the case. Thus, for all intents and purposes, all parties, and the [c]ourt believed that the PACA would be entered as an enforceable provision at the time of the adoption hearing.

*Id.* at 22.

We review the orphans' court's order for an abuse of discretion:

When reviewing a decree entered by the orphans' court, this Court must determine whether the record is free from legal error and whether the court's factual findings are supported by the evidence. Because the orphans' court sits as the fact-finder, it determines the credibility of witnesses, and on review, we will not reverse its credibility determinations absent an abuse of that discretion.

*In re Adoption of A.W.*, 230 A.3d 1139, 1143 (Pa. Super. 2020) (citation, brackets, and some capitalization omitted).

Subchapter D of the Adoption Act permits adoptive parents and birth relatives to enter into **voluntary** post-adoption contact agreements. *See* 23 Pa.C.S.A. §§ 2731-2742; *see also In re Adoption of A.W.*, 230 A.3d at 1144 (stating that "an adoptive parent is not required to allow post-adoption contact."). Section 2731 provides:

The purpose of this subchapter is to provide an option for adoptive parents and birth relatives to enter into a voluntary agreement for ongoing communication or contact that:

(1) is in the best interest of the child;

(2) recognizes the parties' interests and desires for ongoing communication or contact;

(3) is appropriate given the role of the parties in the child's life; and

(4) **is subject to approval by the courts**.

23 Pa.C.S.A. § 2731 (emphasis added).

If the parties enter into a voluntary agreement under Subchapter D, the agreement "shall be filed with the court that finalizes the adoption of the child." *Id.* § 2735(a). The court "shall approve the agreement" if the conditions for approval identified in section 2735(b) are satisfied. *Id.* § 2735(b). Importantly, "[a]n agreement shall not be legally enforceable unless approved by the court." *Id.* § 2735(c).

Regarding enforceability, section 2738 provides:

**(c) Requirements.--**For an agreement to be enforceable, it must be:

(1) In writing.

(2) **Approved by the court on or before the date for any adoption decree.**

(3) If the child is 12 years of age or older when the agreement is executed, the child must consent to the agreement at the time of its execution.

- 6 -

*Id.* § 2738(c) (emphasis added). Moreover, section 2738(d) includes prerequisites for enforcement of a post-adoption contact agreement:

> **(d) Prerequisites.--**Before the court may enter an order enforcing an agreement, it must find all of the following:
>
> > (1) The party seeking enforcement of the agreement is in substantial compliance with the agreement.
> >
> > (2) By clear and convincing evidence, enforcement serves the needs, welfare and best interest of the child.

*Id.* § 2738(d).

Instantly, the orphans' court found that, under the plain language of section 2735(c)(2), the Agreement is not enforceable because it was not entered prior to the adoption decree. Orphans' Court Opinion, 12/22/23, at 7-8. The orphans' court further concluded that Birth Mother did not satisfy the prerequisites set forth in section 2738(d). *See id.* at 8-10. In particular, the court found that Birth Mother did not present evidence that enforcement of the Agreement serves the needs, welfare and best interest of Child. *Id.* at 10; *see also id.* ("[T]he court was struck by [Birth Mother's] failure to focus on this requirement." (footnoted omitted)).

Upon review, we agree the Agreement is not enforceable. We reiterate that post-adoption contact agreements are voluntary agreements and are not required under the Adoption Act. *See* 23 Pa.C.S.A. § 2731; *see also In re Adoption of A.W.*, 230 A.3d at 1144. Section 2738(c)(2) unambiguously provides that any post-adoption contact agreement must be "[a]pproved by the court on or before the date for any adoption decree." 23 Pa.C.S.A. §

- 7 -

2738(c)(2). The record in this case reflects the Agreement was not approved by the orphans' court until **after** the entry of the adoption decree. Thus, the Agreement is not enforceable.[7]

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/21/2024

---

[7] Because this threshold requirement was not met, we need not address the prerequisites outlined in section 2738(d).